(Nos. Unassigned—)

*In re* PETITIONS OF CYNTHIA LARRY

*Order filed December 21, 1992.*

CYNTHIA LARRY, *pro se,* for Claimant.

ROLAND W. BURRIS, Attorney General (JAMES MAHER III and ANDREW LEVINE, Assistant Attorneys General, of counsel), for Respondent.

ORDER

MONTANA, C.J.

These causes come on to be heard on petitions for extensions of time to file applications to claim benefits under the Crime Victims Compensation Act (Ill. Rev. Stat., ch. 70, par. 71 *et seq.*), hereinafter referred to as the Act. Cynthia Larry filed both, one arising out of an alleged incident wherein she was the victim and the other arising out of a separate alleged incident wherein her daughter was the victim.

Section 6.1(a) of the Act requires that applications for compensation be filed within one year of the date of the crime. Upon good cause shown, the time for filing applications may be extended one year by the Court. Pursuant to General Order No. 3, all petitions for extensions of time to file applications which are filed with the clerk's office within 24 months of the date of the crime are granted. Ms. Larry's petitions were filed on August 6, 1990. They allege that she was a victim of a crime which occurred on October 25, 1986, and her daughter was a victim of a crime which occurred on August 3, 1988. Thus both petitions were filed beyond the period allowed by General Order No. 3.

The Act does, however, provide an exception to the time limits described above. Section 6.1(a) allows a person "under legal disability at the time of the occurrence or (who) becomes legally disabled as a result of the occurrence" to file the application within one year after the dis-

ability is removed. Both petitions included statements that indicated Claimant may have been suffering from mental stress, was under the care of a psychiatrist, and had been incapable of handling matters after her daughter's death. On March 25, 1991, the Court ordered that a hearing be conducted on the issue of Petitioner's legal disability.

The cases were assigned to a commissioner who scheduled a hearing for June 11, 1991. Petitioner appeared at the hearing and was advised of the nature of the proceeding. The hearing was continued to allow her to obtain documentation or witnesses to support the claimed incapacity. A second hearing was conducted on September 20, 1991. Ms. Larry appeared and testified.

At the hearing, Petitioner did not provide any medical opinions, diagnoses, other documents, or any witnesses to corroborate a claim of incapacity. She testified she was not able to handle her personal or financial affairs. She stated she was receiving treatment for alcoholism at Ingalls Hospital in Harvey, Illinois. She provided the name of her treating physician, and her counselor at Echoes, an alcohol treatment center. Petitioner was advised by the commissioner that the Court does not conduct independent investigations and that the burden was on her to prove her case.

Additional information pertaining to the petition relating to the daughter was elicited. Petitioner stated that her daughter, Dionne Stanford, 25 years old, filed an application on her own behalf after the August 3, 1988, attack. Dionne Stanford was not Petitioner's dependent. Petitioner did not pay any medical expenses incurred by her daughter as a result of the crime. According to Claimant, Dionne Stanford died of an overdose of alcohol,

cocaine and opiate intoxication on December 10, 1988. The death was not related to injuries sustained in the August 3, 1988, incident. Petitioner presented a physician's report dated July 31, 1991, and three copies of health insurance claim forms. The physician's report referenced an injury that occurred on July 19, 1988, two weeks prior to the date of the crime. The Assistant Attorney General stated that his office did not have any documents showing that a Dionne Stanford filed an application for compensation on her own behalf. The clerk's office has no record of such an application either.

At the conclusion of the hearing, Petitioner was given 60 days to mail to the commissioner any additional documents she wanted the Court to consider, or to request an additional hearing date to provide testimony of a witness. No documents or requests were received.

The Act does not define "legal disability" nor does it state when or how a person "becomes legally disabled." The term "disabled person" is defined in the Probate Act of 1975. (Ill. Rev. Stat. 1989, ch. 110½, par. 11a—2.) The term is defined to include a person not fully able to manage her person or her estate because of mental deterioration, physical incapacity, mental illness, developmental disability or being a spendthrift. The Probate Act provides for a procedure whereby a person is adjudged to be disabled. There is no evidence Petitioner was the subject of any such proceeding and there is not sufficient evidence to support a ruling that Petitioner was, or is, under a legal disability.

It is therefore ordered that the petitions at bar be, and hereby are, denied.